**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Achtschin, | No. CV-15-08257-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

    Plaintiff Elizabeth Achtschin moves for reconsideration (Doc. 20) of this Court's July 6, 2016 order, which affirmed the Commissioner's denial of her application for disability benefits (Doc. 18). The Court will deny the motion.

    Achtschin argues that reconsideration is appropriate in light of the Ninth Circuit's recent decision in *Attmore v. Colvin*, No. 13-36048, 2016 WL 3563596 (9th Cir. June 30, 2016). *Attmore* held that substantial evidence did not support the ALJ's finding of medical improvement. *Id.* at *4. In so holding, the appellate court explained that "an ALJ cannot simply pick out a few isolated instances of improvement over a period of months or years but must interpret reports of improvement with an understanding of the patient's overall well-being and the nature of her symptoms." *Id.* at *4 (citations and internal formatting omitted). The court further explained that the plaintiff's expression of a desire to return to school "was not itself a sign of improvement" when she never followed through with these plans. *Id.* at *5.

*Attmore* does not undermine the Court's decision. Although the Commissioner argued that Achtschin's symptom testimony should be discounted because Achtschin failed to account for her improvement with treatment, the Court explicitly declined to affirm the ALJ's credibility finding on that basis. *See* Doc. 18 at 4 ("the Commissioner argues that the ALJ was justified in discounting Achtschin's credibility based on: (1) her history of work cessation for nonmedical reasons; (2) her history of abusing Ambien; (3) her work as a housekeeper; and (4) evidence that her symptoms were manageable with medication. Because the Court concludes that the first two reasons are specific, clear, and convincing reasons for discounting Achtschin's credibility, it need not consider the Commissioner's other reasons."). Nor did the Court consider evidence that Achtschin intended to return to school in affirming the credibility determination. *See id.* at 3-5.

The Commissioner also argued that the ALJ was justified in discounting Dr. Parson's opinion because it failed to account for Achtschin's improvement with treatment. Again, the Court declined to affirm on this basis. Doc. 18 at 7 ("The Court must determine whether any of the following constitutes a specific and legitimate reason for discounting Dr. Parsons's opinions . . . (3) Dr. Parsons's failure to consider the efficacy of medication in controlling Achtschin's symptoms; or (4) inconsistency between the opinions and Dr. Parsons's treatment notes. Because the Court concludes that the last reason is a specific and legitimate reason for discounting Dr. Parsons's opinions, it need not consider the ALJ's other reason.").

Achtschin makes one final argument: she contends that the Court erred in affirming the ALJ's decision to discount Dr. Parsons's opinions. Doc. 20 at 2. She provides three record citations to show that Dr. Parsons documented chronic suicidal ideation and mental impairments resulting in panic attacks and emergency room visits. *Id.* (citing A.R. 390, 585-86, 630). Because this argument either was or could have been made in the original briefing, it is not a valid basis for reconsideration. Nor it is persuasive. Achtschin's citations show that Achtschin was struggling with her bipolar disorder, but they do not undermine the Court's holding, which was based on a finding

that Dr. Parsons's notes could reasonably be described as inconsistent with her opinions, not on a finding that the notes were devoid of evidence of debilitating symptoms. *See* Doc. 18 at 8 (noting that "Dr. Parsons's treatment notes . . . consistently report cooperative and engaged attitude, good eye contact, clear and coherent speech, logical and directed thought process, good judgment, and unremarkable cognition," and concluding that "it was reasonable for the ALJ to assign less weight to the opinions" based on "the discrepancy between the dire picture painted by Dr. Parsons's opinions and the more nuanced picture painted by her treatment notes"). Achtschin has not borne her burden to show that the Court's holding was "manifest error," as would be required to obtain reconsideration. L.R. Civ. 7.2(g).

**IT IS ORDERED** that the motion for reconsideration (Doc. 20) is **denied.**

Dated this 13th day of July, 2016.

_____
David G. Campbell
United States District Judge